United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 13-20525-amc
Thomas R. Hansen                                                Chapter 13
Laura E. Hansen
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2           Date Rcvd: Mar 08, 2019
                              Form ID: 3180W           Total Noticed: 11
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2019.
db/jdb         +Thomas R. Hansen,   Laura E. Hansen,   1208 Telegraph Road,   Perkasie, PA 18944-2434

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Mar 09 2019 02:46:27     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 09 2019 02:46:22      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
14013606       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Mar 09 2019 02:46:23
                 Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd. 5th Floor,
                 Coral Gables, Florida 33146-1837
13280760        E-mail/Text: bankruptcynotice@franklincredit.com Mar 09 2019 02:45:49
                 Bosco Credit V Trust Series 2012-2,    Franklin Credit Management Corporation,   PO Box 2301,
                 Jersey City, NJ 07303-2301
13216736       +EDI: IRS.COM Mar 09 2019 07:43:00      Internal Revenue Service,   P O Box 7346,
                 Philadelphia, PA 19101-7346
13266139        EDI: JEFFERSONCAP.COM Mar 09 2019 07:43:00      Jefferson Capital Systems LLC,   Po Box 7999,
                 Saint Cloud Mn 56302-9617
13308715        EDI: RESURGENT.COM Mar 09 2019 07:43:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of Citibank (South Dakota),,   N.A.,   Resurgent Capital Services,   PO Box 10587,
                 Greenville, SC 29603-0587
13308714        EDI: RESURGENT.COM Mar 09 2019 07:43:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of Arrow Financial Services,,   LLC,   Resurgent Capital Services,   PO Box 10587,
                 Greenville, SC 29603-0587
13308716        EDI: RESURGENT.COM Mar 09 2019 07:43:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of CVF Consumer Acquisition,   Company,   Resurgent Capital Services,   PO Box 10587,
                 Greenville, SC 29603-0587
13220197        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 09 2019 02:45:57
                 Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                              TOTAL: 10

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*            Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2019                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 7, 2019 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    JPMORGAN CHASE BANK, N.A.
               bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
              GLORIA M. JUNCADELLA    on behalf of Creditor    Internal Revenue Service
               gloria.juncadella@irscounsel.treas.gov
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KRISTEN D. LITTLE    on behalf of Creditor    Bayview Loan Servicing, LLC pabk@logs.com
              MICHAEL SETH SCHWARTZ    on behalf of Joint Debtor Laura E. Hansen msbankruptcy@verizon.net,
               schwartzmr87357@notify.bestcase.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Mar 08, 2019
                              Form ID: 3180W           Total Noticed: 11
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          MICHAEL SETH SCHWARTZ    on behalf of Debtor Thomas R. Hansen msbankruptcy@verizon.net, schwartzmr87357@notify.bestcase.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Bayview Loan Servicing, LLC bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Bayview Loan Servicing LLC bkgroup@kmllawgroup.com
          THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com

                                                                         TOTAL: 13

Case 13-20525-amc    Doc 86    Filed 03/10/19    Entered 03/11/19 01:57:57    Desc Imaged
Certificate of Notice    Page 2 of 4

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Thomas R. Hansen** | Social Security number or ITIN **xxx–xx–5128** |
| First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 **Laura E. Hansen** (Spouse, if filing) | Social Security number or ITIN **xxx–xx–7495** |
| First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | |
| Case number:  **13–20525–amc** | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Thomas R. Hansen

Laura E. Hansen

3/7/19

**By the court:**   <u>Ashely M. Chan</u>
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**